IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARY LEE MARTIN | § | |
| DEBTOR(S) | § | CASE NO.    04-32142-H5-7 |
| | § | |
| SAM WHITEHILL | § | |
| PLAINTIFF(S) | § | ADVERSARY NO.04-3307 |
| | § | |
| VS. | § | |
| | § | |
| MARY LEE MARTIN | § | |
| DEFENDANT(S) | § | |

**MEMORANDUM OPINION REGARDING COMPLAINT TO
DETERMINE DISCHARGEABILITY OF DEBT**

Before the Court is the complaint of Sam Whitehill regarding the dischargeability of his debt under 11 U.S.C. § 523(a)(5) and (a)(15).  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).

Mary Lee Martin filed a petition for relief under chapter 7 of the Bankruptcy Code on February 6, 2004.  Whitehill is the former spouse of Martin.  The parties divorced on August 16, 1982.  By the divorce decree, debtor was awarded the couple's homestead at 9302 McAfee, Houston, Texas.  The divorce decree awarded Whitehill a lien against the property to secure payment of $15,750.00, plus interest, representing a division of the community estate and of the parties' homestead.  The divorce decree provides that Whitehill "shall have all orders, writs, and process necessary to foreclose such lien in satisfaction of the sum if not timely paid on July 16, 1985."

Whitehill filed a chapter 7 bankruptcy on April 19, 1983, and received a discharge on January 25, 1984.  Whitehill scheduled the debt due from debtor for $1,000.00, in his bankruptcy On March

2, 1993, Whitehill bought the property for $8,000 at a sheriff's sale conducted in execution of his judgment under the divorce decree leaving a claimed deficiency at that time of $35,000. Whitehill paid the amount due to the mortgagee of the property and currently owns the property. Whitehill now claims a deficiency against debtor of $213,449.51.

Whitehill worked as a commission only insurance sales person and lives off renewal income. He receives disability from Social Security and has been on medication for depression since 1990. Whitehill was a major in the Army Reserve, where he served 22 years. He will receive military retirement income in four years when he turns 60. Whitehill rehabilitated the McAfee property, which is a four bedroom house, and allows the parties' son to use the McAfee property rent free. Whitehill expects to receive an inheritance from his father, an attorney, upon his death. His father has stock valued at $763,000 and he recently sold his house for about $300,000. Whitehill has three siblings.

At the time of the divorce, debtor worked at the VA hospital. She was awarded custody of the couple's son, who was then five years old. Martin married William Martin nine years after her divorce from Whitehill. Martin owned a home and business and had a child before he married debtor. The debtor and William Martin entered into a separate property agreement that provides that all of the income and assets owned or acquired by William Martin are his separate property.

Debtor is a teacher and earns $51,000 annually. Debtor's income exceeds her expenses by $157.65 per month. At the time of the divorce, debtor was entitled to receive an inheritance from her mother. Debtor liquidated all of the stock she inherited and used the funds as a down payment on the home where she now lives. Debtor has recently incurred medical expenses for emergency

appendicitis, and asthma. Debtor has limited medical insurance coverage. Debtor has taught for 19 years and must work three more years to receive the minimum teacher's retirement.

Whitehill contends that either this obligation is in the nature of support or that Martin has the ability to pay such debts from income or property of the defendant not reasonably necessary to be expended for the maintenance or support of the defendant or a dependent of the defendant. Whitehill contends that the benefit to the debtor of discharging the debt would not outweigh the detrimental consequences to Whitehill, because if the debt is discharged, his standard of living will be lowered.

The Court finds that the debt established by the divorce decree was a property division rather than support to Whitehill. The Court finds that the divorce decree expressly provides for payment of the debt created by the decree by July 16, 1985, and, if not then paid, for foreclosure of the lien in favor of Whitehill in satisfaction of the debt. The Court finds that Whitehill executed on the property in full satisfaction of the debt due from debtor and no deficiency exists.

Alternatively, the Court finds that debtor does not have the ability to pay $213,449.51 and that the benefit to the debtor of discharging the alleged debt outweighs the detrimental consequences to Whitehill. Debtor will be benefitted by the discharge of the debt in that she will incur no more attorney's fees in litigation concerning the debt. Whitehill will not be affected by the discharge of the alleged debt as he has never, in the twenty-three years since the divorce, received any income from this obligation and the debt was extinguished in 1993.

The attorneys for both parties have submitted affidavits in support of attorney's fees incurred in this litigation. The Court finds that the instant adversary proceeding was not brought in good faith and there was not reasonable basis in law or in fact for an assertion that any debt existed from debtor in favor of Whitehill for support or property settlement  The Court finds that debtor's attorneys fee

affidavit sets forth facts meeting the factors established by the Fifth Circuit in <u>Johnson v. Ga.</u> <u>Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir.1974).  The Court awards debtor her attorney's fees as requested.  Based on the foregoing, the parties are **ORDERED** to submit a final judgment in accordance herewith within ten days.

Signed this ___ day of ___May___, 2005 at Houston, Texas.

KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE